FILED
 2017 Apr-07  PM 04:13
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| Harsco Corporation, | ) |
|   Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NUMBER:  CV- |
| CMC, Inc., | ) ) ) |
|   Defendant. | ) |

## COMPLAINT FOR BREACH OF CONTRACT

COMES NOW Plaintiffs Harsco Corporation ("Harsco") and for its complaint against Defendant, CMC, Inc. ("CMC"), in the above-styled action, states as follows:

### Introduction

This lawsuit is for breach of contract for CMC's failure to pay Harsco or MultiServ, a division of Harsco ("MultiServ") for legal expenses, fees and costs, arising out of an Indemnity Agreement entered into between Harsco, and CMC, relating to litigation emanating from site cleanup work performed by MultiServ, for and at the direction of CMC, at a location in Gadsden, Alabama.

### Parties & Jurisdiction

1.     Plaintiff Harsco Corporation is a foreign corporation, registered to do business in the State of Alabama, with its principal address located in Harrisburg, Pennsylvania.  MultiServ is a division of Harsco, and is not a stand-alone separate entity.

2.      Defendant CMC, Inc., is a foreign corporation located in Nicholasville, Kentucky.

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between Plaintiff on the one hand and the Defendant on the other.  Moreover, the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Complaint occurred in Gadsden, Alabama or Birmingham, AL, and a substantial part of property that is the subject of the action is situated in Gadsden, AL.

## Statement of Facts

5.     In 2008, Defendant CMC and MultiServe entered into a Site Investigation Agreement, pursuant to which CMC engaged MultiServ to perform certain site investigation services as a part of the response to a release or threatened release of a hazardous substance, pollutant or contaminant at the Gulf States Steel site in Gadsden, AL.  The Site Investigation Agreement was amended four (4) times in 2009.  The Site Investigation Agreement with Amendments are collectively referred to herein as the "Site Agreement."  A copy of the Site Agreement is attached hereto as **Exhibit "A"**.

6.     The Site Agreement states that the law of Alabama is to govern the Agreement.

7.     On or about October 8, 2009, CMC and MultiServ entered into a Slag Processing Agreement, pursuant to which CMC engaged MultiServ to perform certain slag processing services as part of the work being performed under the Site Agreement.

8.     The Slag Processing Agreement included the following indemnity provision:

CMC will defend, indemnify and hold harmless MultiServ and its parents, subsidiaries, affiliates, successors, assigns, employees, officers, directors, agents and representatives (collectively, the "MultiServ Parties") from and against all claims, damages, losses, costs, stipulated penalties and expenses, including but not limited to attorneys' fees, expenses, and costs,  arising out of or resulting from (i) the negligence or willful misconduct of any CMC Party (as defined below), (ii) any breach of a representation, warranty or covenant of

2

> CMC under this agreement or (iii) any act or omission of MultiServ which was performed or omitted at the direction of CMC.

A copy of the Slag Processing Agreement is attached as **Exhibit "B"**.

9. In January 2014, Harsco and CMC were named as defendants in litigation brought by the Gadsden Industrial Park, LLC ("GIP") in a case styled *Gadsden Industrial Park, LLC v. the United States of America, CMC, Inc., and Harsco Corporation,* CV-14-00039, pending in the United States District Court for the Northern District of Alabama (the "2014 GIP Action"). In that action, Gadsden Industrial Park, LLC, alleged that Defendants improperly removed GIP's railroad track from the ground or rendered it unusable as part of the work performed under the Site Agreement. A copy of the docket in the GIP Action is attached as **Exhibit "C."**.

10. The Slag Processing Agreement states that it is governed by Alabama law.

11. On or about April 15, 2014, CMC, Harsco and MultiServ entered into an Indemnity Agreement, further memorializing CMC's agreement to defend and indemnify MultiServ and Harsco as set forth in the Slag Processing Agreement. At the time the Indemnity Agreement was entered, the only pending action against Harsco arising out of the services provided by MutliServ and CMC under the Site Agreement and Slag Agreement was the 2014 GIP Action. Thus, the Indemnity Agreement specifically referenced the 2014 GIP Action as follows:

> CMC agrees to defend, indemnify and hold the MultiServ Parties [defined to include Harsco] harmless from and against all claims, damages, losses, costs, response costs, stipulated penalties and expenses, including but not limited to attorneys' fees, expenses and costs arising out of or resulting from, or incurred in connection with the Civil Action.

A copy of the Indemnity Agreement is attached as **Exhibit "D"**.

12. The "Civil Action" is defined in the Indemnity Agreement as the GIP Action.

13. The Indemnity Agreement states that it is governed by Alabama law.

14. The Indemnity Agreement further provides that, "CMC agrees to pay the reasonable costs and fees of MultiServ's counsel, at their standard rate of $250 per hour directly to the legal counsel employed by MultiServ."

15. Additionally, although CMC may seek reimbursement of fees and costs paid to Harsco or its counsel in the GIP Action from the United States Environmental Protection Agency, the Indemnity Agreement specifically provides that "whether CMC ultimately obtains reimbursement from the EPA for such costs and fees in no way affects CMC's obligations to Harsco under this Agreement." Thus, the EPA is not a necessary party to this action.

16. Harsco retained the law firm of Spilman Thomas & Battle, PLLC ("Spilman"), to represent it in the GIP Action.

17. In June 2015, GIP brought a second lawsuit against CMC and Harsco in the United States District Court for the Northern District of Alabama (the "2015 GIP Action") related to the removal of kish, a valuable byproduct of the steelmaking process, at the Gulf States Steel site. That action is captioned *Gadsden Industrial Park LLC v. United States of America, et al.,* Case No.: 4:15-cv-00956. A copy of the docket in the 2015 GIP Action is attached as **Exhibit "E"**.

18. Pursuant to the Slag Processing Agreement and the Indemnity Agreement, Harsco is also entitled to indemnity and reimbursement of its legal fees, costs and expenses in defending the 2015 GIP Action, which is on-going. Specifically, the Indemnity Agreement states that "CMC has agreed to defend, indemnify and hold harmless the MutliServ Parties pursuant to Section 15(a) of the Slag Processing Agreement, such that legal action between the Parties related to the Slag Processing Agreement is not necessary."

19.     Harsco engaged Spilman to represent it in the 2015 GIP Action, and CMC began reimbursing Harsco for its defense costs in this action under the Slag Processing Agreement and Indemnity Agreement.

20.     On or about August 5, 2016, Chief Judge Bowdre entered a Final Judgment in favor of Defendants CMC and Harsco in the 2014 GIP Action.

21.     Harsco incurred significant legal fees, costs and expenses in defending the 2014 GIP Action and has incurred, and continues to incur significant legal fees, costs and expenses in defending the 2015 GIP Action.

22.     CMC has paid some but not all of the legal fees, costs and expenses incurred by Harsco in defending the GIP Action.

23.     CMC currently owes to Harsco $326,961.80, which is comprised of $325,486.50 of outstanding invoices that Harsco has paid to Spilman and invoiced to CMC and $1,475.30 that Harsco has paid to Spillman but not yet invoiced to CMC.

24.     The Indemnity Agreement also includes a prevailing party's fees and costs provision that states as follows:

> If any legal action or other proceeding is brought in connection with this Agreement on and after the date of execution and delivery of this agreement the successful or prevailing Party shall be entitled to recover reasonable attorneys' fees and other related costs in addition to any other relief to which the Party is entitled.

25.     Harsco has retained the law firm of Bradley Arant Boult Cummings LLP ("Bradley") to represent it in this action.

## COUNT I
## Breach of Contract

26.     Harsco hereby adopts and incorporates its allegations contained in Paragraphs 1 through 22, above as if fully restated below.

27. Harsco and CMC entered into an Indemnity Agreement, which is a valid and binding contract.

28. Harsco is in breach of that contract by, among other things, failing to pay, indemnify or reimburse Harsco for legal expenses, fees and costs related to the 2014 GIP Action and 2015 GIP Action and as required under the Slag Processing Agreement and Indemnity Agreement.

WHEREFORE, Plaintiff Harsco prays that the Court will enter judgment in its favor, and against Defendant CMC for damages as set forth above, including but not limited to reimbursement of all legal fees, expenses and costs incurred by Harsco in the 2014 GIP Action and the 2015 GIP Action, and for any other relief deemed proper by the Court.

## Count Two
### Declaratory Judgment – 2015 GIP Action

29. Harsco hereby adopts and incorporates its allegations contained in Paragraphs 1 through 28, above as if fully restated below.

30. Harsco and CMC entered into a Slag Processing Agreement and an Indemnity Agreement, which are valid and binding contracts.

31. The Slag Processing Agreement and Indemnity Agreement obligate CMC to indemnify and reimburse Harsco for all legal fees, expenses and costs incurred in defending the 2015 GIP Action.

32. Harsco has incurred and will continue to incur legal fees in the 2015 GIP Action as that Action has not concluded.

33. Harsco seeks a declaration that CMC must indemnify and reimburse Harsco for all future, yet to be incurred, legal fees, expenses and costs in the 2015 GIP Action until that matter has been completely resolved and closed.

WHEREFORE, Plaintiff Harsco prays that the Court will enter judgment in its favor, and against Defendant CMC for damages as set forth above and for any other relief deemed proper by the Court.

### Count Three
### Declaratory Judgment – Prevailing Party Fees

34. Harsco hereby adopts and incorporates its allegations contained in Paragraphs 1 through 33, above as if fully restated below.

35. Harsco and CMC entered into an Indemnity Agreement, which is a valid and binding contract.

36. The Indemnity Agreement contains a prevailing party's attorney's fees and costs provision.

37. Harsco has incurred and will continue to incur legal fees and costs for bringing this action and seeking relief from this Court.

38. Harsco seeks a declaration that it is entitled to recover all fees and costs it incurs in this litigation and judgment for recovery of its attorneys' fees and costs related to the filing and prosecution of this action.

WHEREFORE, Plaintiff Harsco prays that the Court will enter judgment in its favor, and against Defendant CMC for damages as set forth above and for any other relief deemed proper by the Court.

s/Hope T. Cannon

Bradley Arant Boult Cummings LLP

One of the Attorneys for Harsco Corporation

OF COUNSEL

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Complaint to be served with Waiver of the Service of Summons on:

David R. Marshall
Marshall Oakley & Oakley
109 Court Row
Nicholsville, KY  40356
david@marshalloakleylaw.com

If Waiver of Service refused, Complaint to be served via Certified Mail on:

Clay M. Corman,
President & Director
CMC, Inc.
1151 Jessamine State Road
Nicholasville, KY  40356